**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| BRAJA SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:12-CV-292 -MTT - MSH |
| | : | |
| BRIAN OWENS, et. al. | : | |
| | : | |
| Defendants. | : | |
| _____: | | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint for failure to exhaust (ECF No. 16) and Plaintiff's motion to appoint (ECF No. 9). For the following reasons, Plaintiff's motion to appoint is denied and it is recommended that Defendant's motion to dismiss be granted.

## BACKGROUND

Plaintiff alleges that he was attacked by a group of gang members and sustained fifteen stab wound to his head, neck, back, side, and left arm. Plaintiff was then transported to the hospital where he received ninety stitches. According to Plaintiff, the dorm in which Plaintiff was housed, "the Thunder Dorm," is notoriously dangerous and widely known for incidents of "extortion, assaults, stabbings, robberies, and homosexual behavior." (Compl. 4.) Plaintiff further alleges that Defendants Victor Walker and Doug Underwood were both aware of the danger posed to Plaintiff in the dorm, because he was not a gang member, but still refused to move him. These Defendants were also allegedly

responsible for instituting "the policy of housing close security violent gang members in . . . [the] open dorm housing unit," which means that there are no cells to secure violent inmates.  (*Id.*)  Plaintiff claims that his building was the "most violent dorm[]" at Baldwin State Prison, and the volume of violent incidents were so high that even Brian Owens, the Commission of the Department of Corrections, was aware of the danger posed to inmates housed in that dorm, but took no action to protect them.

Plaintiff's claims for failure to protect were allowed to go forward after preliminary review.  Defendants subsequently moved to dismiss Plaintiff's Complaint and Amended Complaint for failure to exhaust his administrative remedies.  In response, Plaintiff contends that he was denied access to informal grievances such that he could not timely exhaust his administrative remedies.  (Pl.'s Resp. to Defs.' Mot. to Dismiss 2, ECF No. 19.)  This motion is ripe for adjudication.

## DISCUSSION

### I.     Plaintiff's Motion for Appointment of Counsel

Plaintiff moves for appointment of counsel in this case (ECF No. 9).  Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."  However, there is "no absolute constitutional right to the appointment of counsel."  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim

and the complexity of the issues presented.   *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).   Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.   Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.   Furthermore, given that it is recommended that Plaintiff's Complaint be dismissed, Plaintiff's motion to appoint is denied.

## II.     Motion to Dismiss – Failure to exhaust administrative remedies

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.   "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."   *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).   The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.   *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").   Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.   *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a

two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).   "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.*   If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.   *Id.*   "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."   *Id.*   The defendant bears the burden of proof during this second step.   *Id.*

Defendants move to dismiss for lack of exhaustion claiming that Baldwin State Prison had a grievance procedure in place, but that Plaintiff failed to utilize all steps of this procedure.   (Defs.' Mot. to Dismiss 4-8.)   Plaintiff states in his Complaint that he did file an informal grievance, but that it was rejected as untimely filed.   (Compl. 2.)   Plaintiff admits, however, that he "failed to complete the inmate grievance procedure regarding his claims" (Pl.'s Resp. to Defs.' Mot. to Dismiss 1), but states that this is because he was placed in administrative segregation after the stabbing and was denied grievance forms for three weeks.   (*Id.* at 2.)   Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, the Court will assume that Plaintiff has created a question of fact regarding the availability of the administrative remedies. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).   Thus, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.

4

Since the Complaint was not dismissed at the first step, the Court can then make factual findings relating to exhaustion.   A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry.   *Turner*, 541 F.3d at 1082-83.   The Defendant here has met that burden.

Defendant has established that Baldwin State Prison uses the Georgia Department of Corrections' Standard Operating Procedures (SOP) regarding grievances.   (Hunding Aff. ¶¶ 4, 6, Ex. A-1, Sept. 26, 2012, ECF No. 16-1.)   The SOP mandates that an inmate must follow a three-step process in order to exhaust his remedies: file an informal grievance, file a formal grievance, and file an appeal.   (*Id.* ¶ 6, Ex. A-1 at 5-9.)   An informal grievance "must be filed no later than 10 calendar days from the date" of the incident.   (*Id.* Ex. A-1 at 5.)   "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]"   *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).   Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed an informal grievance, formal grievance, and appeal concerning his failure to protect claims.

On December 6, 2011, Plaintiff filed an informal grievance concerning the stabbing incident (Hunding Aff. Ex. A-3), which occurred on October 18, 2011.   This grievance was rejected as untimely filed on December 9, 2011.   (*Id.*)   Plaintiff did not file a formal grievance or appeal concerning the stabbing or a failure to protect.   (*See* Hunding Aff. Ex. A-4.)   Plaintiff has provided an explanation as to why he did not timely file an informal

grievance—that he was denied grievance forms for three weeks—but Plaintiff does not explain why he failed to file a formal grievance or appeal concerning the stabbing.   The SOP explains that an inmate should fill out a formal grievance within five days after written resolution of his informal grievance.   (Hunding Aff. Ex. A-1 at 6-7.)   At the formal grievance phase, the Grievance Counselor is authorized to waive the timeliness requirement "for good cause."   (*Id.*)   Had Plaintiff followed the grievance procedures provided by Baldwin State Prison, he would have had an opportunity to explain why his informal grievance was not timely filed and may have had the timeliness requirement waived.   Plaintiff, however, did not follow the grievance procedures and failed to exhaust his administrative remedies regarding his failure to protect claim.   Consequently, Defendants' motion to dismiss for failure to exhaust should be granted.

## CONCLUSION

For the reasons explained above, Defendants' motion to dismiss should be granted for Plaintiff's failure to exhaust his administrative remedies.   Plaintiff's motion to appoint is denied.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 16) be GRANTED.   Plaintiff's motion for appointment of counsel (ECF No. 9) is DENIED.   Under 28 U.S.C. ▪ 636(b)(1), the parties may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 22nd day of February, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE